UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TRACY BAREFIELD, | § § § § |
| Plaintiff | § § |
| v. | § Case No.: § |
| TRANSWORLD SYSTEMS, INC., | § COMPLAINT AND DEMAND FOR § JURY TRIAL |
| Defendant | § § (Unlawful Debt Collection Practices) |

## COMPLAINT

TRACY BAREFIELD ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TRANSWORLD SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Cleveland, Texas.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham Pennsylvania 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, at all relevant times, Defendant was contacting Plaintiff regarding a debt owed by her former husband, Michael Fredericks.

12. Upon information and belief, the debt at issue arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in or around June or July 2016, and continuing through January 2017, Defendant's collectors contacted Plaintiff attempting to reach Mr. Fredericks.

14. Defendant's harassing debt collection calls derived from numbers including, but not limited to (800) 816-5569. The undersigned has confirmed that this number belongs to the Defendant.

15. Plaintiff told Defendant it was calling the wrong number and requested that it stop calling when the calls first began in or around June or July 2016.

16. Defendant acknowledged Plaintiff's request to stop calling, but continued to call Plaintiff seeking Mr. Fredericks.

17. Defendant's repeated calls to Plaintiff became so annoying that Plaintiff resorted to blocking their number using a cellular phone application.

18. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

19. A debt collector violates §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21. Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff and continued to call knowing the calls were unwanted and it was calling a wrong number.

WHEREFORE, Plaintiff, TRACY BAREFIELD, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

     b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

     c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

     d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TRACY BAREFIELD, demands a jury trial in this case.

 

RESPECTFULLY SUBMITTED,

DATED: May 24, 2017     KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. B. Ginsburg  
Amy L. B. Ginsburg  
Kimmel & Silverman, P.C.  
30 E Butler Pike  
Ambler, PA 19002  
Phone: 215-540-8888 ext. 106  
Fax: 877-788-2864  
Email: aginsburg@creditlaw.com

- 4 -

PLAINTIFF'S COMPLAINT